In the Matter of HULON CAPSHAW, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 22, 1943.

*S. C. Lewis* of counsel (*Einar Chrystie,* attorney), for petitioner.

*Thomas I. Sheridan* of counsel (*Hartman, Sheridan & Tekulsky,* attorneys), for respondent.

*Per Curiam.* The respondent herein was removed from the office of City Magistrate of the City of New York upon evidence which this court found established that he had, in discharging certain defendants arraigned before him for illegally possessing policy slips, acted in violation of the duties imposed upon him by law. This court also found that in testifying as a witness at the trial of the case of *People* v. *Hines* (258 App. Div. 466) respondent herein attempted to obstruct the administration of justice by deceiving and misleading the jury as to the evidence

presented and the law which should have been applied in the aforesaid prosecutions involving the possession of policy slips and as to the real reasons for discharging the defendants in each of those actions. The facts involved are stated in detail in the opinion of this court in *Matter of Capshaw* (258 App. Div. 470).

The petitioner, on the same facts, has charged the respondent with professional misconduct as an attorney at law. In support of the charges, it submitted to the referee to whom the matter was sent for hearings the same evidence which had been submitted in the proceedings instituted for the respondent's removal as a City Magistrate. The respondent offered no evidence beyond his own explanation of his conduct and testimony as to his character.

The referee has reported that the charges are fully sustained by the evidence. This, in our judgment, is the only conclusion that could reasonably have been reached.

The respondent should be disbarred.

UNTERMYER, J. (concurring in result). A majority of this court having previously concurred in the opinion of Presiding Justice MARTIN in *Matter of Capshaw* (258 App. Div. 470) I am constrained on the authority of that decision to vote for the disbarment of the respondent.

DORE, J. (dissenting in part). I think the removal proceeding is not determinative but the evidence in this disciplinary proceeding must be considered. In view of the condign and severe punishment this man has already received and considering, too, the unusual number and exceptional quality of his character witnesses testifying after removal, I vote to censure rather than to disbar.

MARTIN, P. J., and TOWNLEY, J., concur in *Per Curiam* opinion; UNTERMYER, J., concurs in result, in memorandum; DORE, J., dissents in part and votes to censure, in memorandum; GLENNON, J., taking no part.

Respondent disbarred.