OPINION OF THE COURT

Per Curiam.

Upon review of the record pursuant to NY Constitution, article VI, § 22 and Judiciary Law § 44 the court concludes that the evidence presented before the Commission on Judicial Conduct sustains the misconduct charge found by the Commission against petitioner and that the determined sanction should be accepted.
Petitioner is a Town Justice of the Town of Galway and a Village Justice of the Village of Galway, County of Saratoga. On April 2,1982, his son and a friend of his son were both ticketed by a State trooper for speeding in the village. The tickets were returnable before petitioner and, his co-Judge being unavailable because of illness, petitioner decided correctly to transfer the matter to the Justice in the adjoining Town of Providence, Justice Norman Neahr.
Petitioner then called Judge Neahr, informed him that the persons involved were his son and his son’s friend, asked him to accept transfer of the cases and told him he would call back about the procedure for transfer. A few days later he again called Judge Neahr, advised him that Morris Strauss was the attorney representing both defendants, that an Assistant District Attorney had agreed to the reduction of the speeding charges to illegal parking provided Judge Neahr also agreed, asked whether Judge Neahr would agree and when he received an affirmative response asked what the sentence would be. Judge Neahr responded that the fine would be $25 for each defendant.
At petitioner’s request, Judge Neahr picked up the papers relating to the two cases at petitioner’s home. Opening the envelope he received within a few minutes after receipt, he found the uniform traffic tickets, the two simplified informations and $50 in cash. The tickets had been signed on the reverse side by the respective defendants, and on each information the *302 reference to Vehicle and Traffic Law § 1180 (d) and to 50 miles per hour speed had been crossed out. In the “charge convicted of” space on the tickets appeared “1202-A1,” which refers to a parking violation. The State trooper testified that he did not make the changes in the information, that they were made without his consent and that when Judge Neahr advised him that the Judge had agreed to the reductions he said nothing. Neither defendant appeared before Judge Neahr, nor did an attorney on behalf of either.
Petitioner argues that it has not been proven that he falsely informed Judge Neahr that an Assistant District Attorney agreed to the reduction, inquired of Judge Neahr whether he objected to reduction of the charges or what the fine would be, sent $50 representing the fines to Judge Neahr, or altered the informations. Whether petitioner falsely informed Judge Neahr that the Assistant District Attorney had agreed to reduction of the charges was immaterial; petitioner’s intercession would constitute misconduct even if the statement were true. Moreover, Judge Neahr’s testimony when considered together with that of the State trooper establishes that the tickets and informations were received by petitioner from the trooper in one condition and when picked up by Judge Neahr from petitioner’s home were in a different condition, which the trooper never authorized or agreed to, and were accompanied by $50 in cash. Thus, while not all of the facts referred to by petitioner were established by direct evidence, the circumstantial proof leaves no doubt that petitioner engaged in the misconduct charged. The more particularly is this so in view of petitioner’s failure to testify concerning the charges or to present any evidence in relation to them (see, Matter of Randel, 158 NY 216; cf. Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 42).
Petitioner also argues that the sanction of removal is excessive. Ticket-fixing is misconduct of such gravity as to warrant removal, even if this matter were petitioner’s only transgression. In fact, however, petitioner was censured by the Commission on Judicial Conduct in 1979 for repeated attempts to influence other Judges on behalf of defendants appearing before them.
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Lynch* concur in Per Curiam opinion; Judge Alexander taking no part.
*303 Determined sanction accepted, without costs, and James H. Reedy is removed from the offices of Town Justice of the Town of Galway and Village Justice of the Village of Galway, Saratoga County.

 Designated pursuant to NY Constitution, article VI, § 2.