OPINION OF THE COURT
Per Curiam.
Petitioner, a Town Justice of the Town of Waverly, Franklin County, instituted this proceeding to review a determination of the State Commission on Judicial Conduct which found that he violated the Rules and Canons governing judicial conduct by presiding over cases involving relatives and that the appropriate sanction was removal from office. Petitioner asserts that the Commission improperly relied upon facts not in the record before it and that the sanction of removal was too harsh.
The complaint served upon petitioner contained six charges, each pertaining to a separate instance in which he presided over a case involving a relative within the degree of relationship proscribed by section 100.3 (c) (1) of the Rules Governing Judicial Conduct (22 NYCRR 100.3 [c] [1]) and, with respect to the first two charges, proscribed as well by Canon 3 (C) (1) of the Code of Judicial Conduct. The first two charges alleged *17 that petitioner had disposed of two tickets for speeding issued to, respectively, his nephew and a niece of his wife by reducing each charge to an equipment violation.
The other four charges pertained to petitioner’s presiding over four prosecutions against different first cousins of his wife. In two of these cases — one charging a Vehicle and Traffic Law violation and the other an Environmental Conservation Law violation — petitioner accepted a guilty plea and imposed an unconditional discharge. The third case involved a charge of trespassing in violation of Penal Law § 140.05, and petitioner accepted a guilty plea and imposed no fine or sentence other than to require the defendant to stay off of the property of the complaining witness. In the fourth case the defendant was charged with the misdemeanor of criminal mischief in violation of Penal Law § 145.00. Petitioner accepted a guilty plea, imposed a fine of $50 but waived payment of it, sentencing the defendant instead to perform labor for the town.
Petitioner appeared and testified before a member of the Commission. While admitting that he was aware of the requirement that he disqualify himself in cases involving relatives, he expressed uncertainty as to how to calculate degrees of relationship, although this subject was covered in his training sessions. Petitioner also stated that he saw no need to disqualify himself in such cases as he claimed he treated his relatives no differently than other defendants.
Petitioner and the Administrator of the Commission subsequently entered into an agreed statement of facts whereby petitioner waived his right to the hearing provided by Judiciary Law §44 (4), and acknowledged having violated the provisions of the Rules and Canons pertaining to disqualification in matters involving relatives by presiding over the six cases set forth in the complaint.
The Commission sustained all six charges in the complaint, finding that petitioner had violated sections 100.1, 100.2 and 100.3 (c) (1) of the Rules Governing Judicial Conduct and Canons 1, 2 and 3 (C) (1) of the Code of Judicial Conduct. It stated further in its determination that petitioner "exacerbated his misconduct by hearing several of the matters outside the presence of a prosecutor and by granting, on his own motion, reductions of the charges or the penalties based on personal considerations without obtaining the consent of a prosecutor”, and concluded that the appropriate sanction was removal from office.
*18 Petitioner asserts that the presence or absence of the prosecutor was only at issue in the two speeding ticket cases and that the record shows that there was a reduction of charges without the specific consent of the prosecutor in one case. He further contends that the District Attorney of Franklin County authorized the local criminal court justices to dispose of prosecutions for violations under the Penal Law and Vehicle and Traffic Law charges without the presence of the prosecutor. He thus asserts that the determined sanction was based in part on improper considerations and unsupported conclusions.
We need not determine whether petitioner, with respect to the six cases referred to in the complaint, acted without the presence of a prosecutor on more than one occasion, nor whether the District Attorney had impliedly consented to petitioner’s reduction of charges in the speeding ticket cases or his disposition of the other matters. Petitioner has admittedly presided over six cases involving relatives in violation of the Rules and Canons, and this alone makes removal the appropriate sanction. The District Attorney did not consent to petitioner disposing of prosecutions against relatives, nor in any event could a prosecutor immunize such conduct.
It was not necessary for the Administrator of the Commission to demonstrate that petitioner treated his relatives more favorably than other defendants facing similar charges. The handling by a judge of a case to which a family member is a party creates an appearance of impropriety as well as a very obvious potential for abuse, and threatens to undermine the public’s confidence in the impartiality of the judiciary. Any involvement by a judge in such cases or any similar suggestion of favoritism to family members has been and will continue to be viewed by this court as serious misconduct (see, e.g., Matter of Reedy, 64 NY2d 299; Matter of Sims, 61 NY2d 349).
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Titone and Hancock, Jr., concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs, and Almon L. Wait is removed from his office of Justice of the Waverly Town Court, Franklin County.