OPINION OF THE COURT
Per Curiam.
Petitioner, a Justice of the Stephentown Town Court, Rensselaer County, instituted this proceeding, pursuant to NY Constitution, article VI, § 22 and Judiciary Law § 44 to review a determination of the State Commission on Judicial Conduct removing him from office. Three members of the Commission dissented only as to sanctions. While petitioner’s conduct was improper, we do not find, given his otherwise 21-year unblemished record of service, that it was so egregious as to warrant his removal from the Bench. We, therefore, reject the Commission’s determination and hereby censure the petitioner.
The complaint charged that petitioner had sought special consideration for his son in connection with a traffic citation returnable in another Town Court. The credible evidence established that petitioner had made ex parte contacts with a Justice of the Schuyler Town Court, identifying himself as a Judge and inquiring about the procedures to be followed in resolving his son’s case. Such actions were improper, as petitioner acknowledged in oral argument before the Commission. *155 Ex parte communications of this sort violate sections 100.1 and 100.2 of the Rules Governing Judicial Conduct (22 NYCRR 100.1, 100.2) and canons 1 and 2 of the Code of Judicial Conduct. The absence of a specific request for favorable treatment or special consideration is irrelevant, and petitioner’s "paternal instincts” do not justify a departure from the standards expected of the judiciary (see, Matter of Lonschein, 50 NY2d 569, 572).
The dictum in Matter of Reedy (64 NY2d 299, 302) — "Ticket-fixing is misconduct of such gravity as to warrant removal, even if this matter were [the Judge’s] only transgression”— should not, however, be read as establishing a per se rule of removal in all cases, precluding consideration of mitigating factors and prior conduct, though, as a general rule, intervention in a proceeding in another court should result in removal. In Reedy (supra), there had, in fact, been a prior censure. Several factors here indicate that censure is the appropriate sanction. First, it must be recognized that petitioner has served as a Town Justice for 21 years and his conduct has never been previously called in question. Second, it is evident that petitioner’s judgment was somewhat clouded by his son’s involvement. Finally, petitioner cooperated with the Commission and has forthrightly admitted the impropriety of his conduct. After a careful review of the facts, we conclude that this single incident, which was fueled by extremely poor judgment, was an aberration, and that petitioner should be censured rather than removed from office.
Accordingly, the determined sanction should be rejected, without costs, and the sanction of censure imposed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Titone and Hancock, Jr., concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction rejected, etc.