OPINION OF THE COURT
Per Curiam.
Petitioner, a Town Justice of the Town of Norfolk, St. Lawrence County, commenced this proceeding to review a determination of the State Commission on Judicial Conduct that he violated the rules and canons governing judicial conduct by preparing a criminal summons and otherwise participating in a matter in which he, his son, and his daughter all had an interest. The Commission determined the appropriate sanction to be removal. Petitioner asserts that the evidence did not support the Commission’s determination and that the sanction of removal was too harsh.
*552 The Commission proceedings were commenced on January 8, 1985, when a complaint was served on petitioner containing one charge setting forth several separate instances of misconduct in violation of sections 100.1 and 100.2 of the Rules Governing Judicial Conduct (22 NYCRR 100.1, 100.2) and canons 1 and 2 of the Code of Judicial Conduct. First, the complaint alleged that petitioner failed to disqualify himself in connection with an action entitled People v Kerr, arising from an automobile accident in which Kerr allegedly caused damage to an automobile owned by petitioner’s daughter and insured under an insurance policy for which petitioner paid the premiums.
Second, the complaint alleged that petitioner engaged in a discussion with Thomas Matzell, the Chief of the Norfolk Town Police Department, which led Chief Matzell to prepare a uniform traffic ticket and simplified traffic information so that there would be a basis for issuing a criminal summons against Kerr. The ticket, charging Kerr with failure to keep right, was returnable before petitioner in Norfolk Town Court on March 15, 1984. According to testimony adduced at a hearing conducted on April 2, 1985, Chief Matzell placed the ticket and all of the supporting documents on petitioner’s desk. Approximately two days later, he found in his mailbox in the town hall an unsigned criminal summons for Terry L. Kerr. Chief Matzell attempted to serve the summons on Kerr that weekend, but was unable to do so, and, therefore, returned the summons to petitioner at his office.
The third count of the complaint alleged that petitioner subsequently requested State Trooper Michael C. Swyers to serve the unsigned summons on Kerr. Trooper Swyers testified at the hearing that he refused to do so because he was uncertain of using a criminal summons in a traffic case. Thereafter, petitioner had a discussion with Detective Sergeant Dominic Germano of the St. Lawrence County Sheriff’s Department and indicated that no one had been able to serve the summons on Kerr. Sergeant Germano offered to attempt to serve the summons and subsequently did so.
The complaint alleged as a fourth count that petitioner telephoned Kerr’s home after Kerr failed to appear in court on March 15, 1984 and asked Kerr’s sister why her brother had not appeared. Petitioner allegedly stated that if Kerr did not pay for the damages to the automobile, petitioner would write to Albany to have Kerr’s license suspended.
*553 At the hearing conducted in Canton, New York, on April 2, 1985, testimony was adduced on each count in the complaint. Moreover, other instances of misconduct were revealed which, although not alleged in the complaint, were relevant to the allegations therein. Specifically, there was evidence that petitioner wrote a note, dated March 15, 1984, addressed to his fellow Judge in the Norfolk Town Court, John J. Tanski, stating that petitioner could not handle the Kerr matter and purporting to transfer the case. However, Judge Tanski testified that he had never seen the uniform traffic ticket or the note regarding the case until the Commission staff sent him copies. Furthermore, Trooper Swyers testified that a few weeks prior to the hearing in this proceeding, petitioner had accused him of lying in a statement to the Commission regarding the Kerr matter, and had threatened that he would do his best to get Trooper Swyers fired. Petitioner did not testify and he called no witnesses. In his summation at the hearing, however, when not under oath, petitioner denied all of the allegations against him.
The Referee found that each count in the complaint had been sustained, except for the fourth which alleges petitioner’s telephone call to Kerr’s home in the spring of 1984. The Referee concluded that, by his conduct in discussing with police officers the issuance and service of the criminal summons against Kerr, as well as by "his failure to withdraw from the Kerr matter and assign the same to the other judge”, petitioner had engaged in misconduct and had violated established ethical standards.
The Commission affirmed the Referee’s findings, and determined that petitioner had violated sections 100.1 and 100.2 of the Rules Governing Judicial Conduct and canons 1, 2 and 3 (C) (1) of the Code of Judicial Conduct. The Commission further stated that petitioner "seriously exacerbated his misconduct by attempting to make it appear that he had intended to disqualify himself in a note that was never delivered to his fellow judge”, and "further compounded his misconduct by threatening a witness in the Commission proceeding against him.” The Commission concluded that the appropriate sanction was removal from office. This petition followed.
Review of this proceeding reveals that the allegations in the complaint, except those contained in count four, were supported by the evidence and should be confirmed and that the determined sanction should be accepted.
*554 The testimony of Police Chief Thomas Matzell, Sergeant Dominic Germano, and Trooper Michael Swyers established that petitioner prepared a criminal summons to bring into his court a party to a dispute in which he, his son, and his daughter all had a personal interest. Petitioner’s exploitation of the criminal process and misuse of his judicial office for his own and his family’s personal gain was an egregious violation of judicial ethics (see, e.g., Matter of Wait, 67 NY2d 15; Matter of Reedy, 64 NY2d 299; Matter of Sims, 61 NY2d 349). Furthermore, the testimony of Honorable John Tanski established that petitioner compounded his misconduct by his efforts to conceal his improper activity. By providing the note to a Commission investigator, petitioner sought to obstruct the Commission’s discharge of its lawful mandate. Such deception is antithetical to the role of a Judge who is sworn to uphold the law and seek the truth (see, Matter of Steinberg, 51 NY2d 74, 78, n 1). Finally, petitioner attempted to impede the Commission’s investigative efforts by intimidating a witness (see, Matter of Fabrizio, 65 NY2d 275, 277).
In short, petitioner has clearly abused the power of his office in a manner that has brought disrepute to the judiciary and damaged public confidence in the integrity of his court. The more particularly is this so in view of petitioner’s failure to testify concerning the charges (see, Matter of Randel, 158 NY 216; Matter of Reedy, supra, at p 302). This breach of public trust calls for the sanction of removal from office (see, Matter of Wait, supra; Matter of Reedy, supra; Matter of Sims, supra). We have examined petitioner’s remaining contention and find it to be without merit.
Accordingly, the determined sanction should be accepted, without costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Titone and Hancock, Jr., concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs, and Joseph E. Myers is removed from the office of Justice of Norfolk Town Court.