OPINION OF THE COURT
Per Curiam.
Petitioner was charged with misconduct in connection with the disposition of two speeding tickets. Additionally, he was charged with having improperly dismissed, or adjourned in contemplation of dismissal, some 31 cases without having given notice to the prosecutor as required by CPL 170.45, 170.55 and 210.45. Following a hearing in which petitioner and a number of other witnesses gave testimony, the Judicial Conduct Commission sustained the charges and found that the proven acts of misconduct had been exacerbated by petitioner’s patently false explanations for his actions. Noting that *418 "[s]uch deception is antithetical to the role of a judge who is sworn to uphold the law and seek the truth”, the Commission determined that petitioner should be removed from judicial office. We agree that petitioner’s conduct demonstrated a level of dishonesty and lack of judgment that is unacceptable for a member of our State’s judiciary. Consequently, we accept the determined sanction of removal.
Initially, we reject petitioner’s contention that the ticket-fixing charges were not convincingly established by the hearing evidence. With regard to the speeding ticket issued to John Reedy, the son of a former Town Justice with whom petitioner was acquainted, the testimony of petitioner’s co-Justice, as well as that of the issuing officer and the court clerk, lead inexorably to the inference that petitioner, or someone acting at his direction, had altered the simplified traffic information by crossing out the speeding charge and substituting an "unsafe tire” charge. Petitioner then dismissed the ticket himself, without notice to the prosecution, even though the case was not properly before him because the ticket was not returnable on a day when petitioner was presiding. In view of the impressive evidence against him, we find incredible petitioner’s claims that the ticket had been delivered to his house by the issuing officer after the cross-outs and alterations had already been made and that he had innocently dismissed the "unsafe tire” charge — the only count in the accusatory instrument — after being assured by the defendant Reedy that the condition had been repaired.
Similarly lacking in candor is petitioner’s explanation of his dismissal, again without notice to the prosecution, of a speeding ticket issued to a local attorney, who was petitioner’s friend and was then representing petitioner on two personal matters. Petitioner testified that he perceived no impropriety in his handling the matter despite his relationship with the attorney, because the officer who issued the ticket had told him that the ticket would have to be dismissed as a result of a radar failure. However, the officer testified, quite credibly, that there was no radar failure on the day the attorney’s ticket was issued and that he had not contacted petitioner at any time to suggest dismissal of the ticket.
We have previously held that ticket-fixing is such a serious impropriety that even a single isolated incident can serve as a basis for removal (Matter of Reedy, 64 NY2d 299), although there is no per se rule requiring removal in every case (see, *419 Matter of Edwards, 67 NY2d 153, 155). Here, as the credible evidence shows, petitioner not only "fixed” speeding tickets on two separate occasions, but he also compounded his offense by his dishonesty in altering one of the tickets and then telling a patently false story when called upon to explain his conduct to the Commission. As yet a further aggravating circumstance, petitioner demonstrated an unacceptable degree of insensitivity to the demands of judicial ethics when he asserted his view that he could properly adjudicate his personal attorney’s traffic violation case because a dismissal of the charges was anticipated. Indeed, even if it were true that the speeding ticket issued to petitioner’s attorney had to be dismissed because of a problem with the radar, petitioner’s decision to handle the matter himself evidenced a serious lack of judgment, since it led to both an appearance of impropriety and the potential for a conflict of interest.
Accordingly, the determined sanction of removal is accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Ernest J. Conti is removed from his office of Justice of the Amsterdam Town Court, effective immediately.