OPINION OF THE COURT
Per Curiam.
Petitioner, a Judge of the County Court, Family Court and Surrogate’s Court in Hamilton County, was charged with violating the Rules of Judicial Conduct for participating in business activity, practicing law while sitting as a Judge and failing to disqualify himself in certain matters that came before him as a Judge. Following a hearing at which petitioner and several other witnesses testified, the Commission on Judicial Conduct sustained the charges, further found that petitioner’s testimony in response to the Commission’s inquiries lacked candor in several respects and determined that petitioner should be removed from office. After reviewing the record, we agree that the determination is supported by the evidence and also conclude that the sanction of removal is appropriate.
Petitioner was elected a Judge in November 1983 and took office on January 1, 1984. The Commission found on unrebutted, documentary evidence that from January 1, 1984 through January 1986, petitioner actively participated in three businesses organized for profit in violation of section 100.5 (c) (2) of the Rules Governing Judicial Conduct (22 NYCRR). The substantial management functions petitioner continued to perform on behalf of the businesses after January 1, 1984 included the retention of counsel, the approval and execution of contracts for the sale of real estate and the execution of deeds.
Petitioner also continued to practice law after he became a Judge and attempted to conceal this fact from both the clients and the Commission. The charges focused on three estates petitioner represented before taking office. In December 1983, petitioner knew that he could not complete the work on the estate matters before the end of the year; yet he did not turn his files over to the representatives of the estate, nor did he advise them that another law firm was taking over his law practice. When petitioner did subsequently contact the estate clients, he advised them that he had transferred their files to *582 a new lawyer. He did not seek prior permission of the clients for the transfers. The evidence established that petitioner in fact did not transfer the cases to the lawyer who took over his practice, but instead attempted to complete the legal work himself. The lawyer acquiring petitioner’s practice testified that he had never worked on or heard of the three estate matters. Additionally, the evidence established that petitioner instructed one executrix to sign, but not date, an estate tax form which, after becoming a Judge, petitioner signed as preparer and then backdated to make it appear that he had completed the work before taking office.
On another estate, the executrix, Mrs. Griesen, sent a letter, dated February 8, 1984, by registered mail to the lawyer allegedly taking over petitioner’s practice. This letter contained a stock certificate needed to close the estate. Petitioner obtained the letter at the local post office by signing the other lawyer’s name on the return receipt. That same day, he sent to Mrs. Griesen a letter typed on his law office stationery, acknowledging receipt of her letter, and asking her to execute and return the stock assignment. Later, before the Commission, petitioner denied ever opening or reading the letter addressed to his successor but he had no explanation for his letter asking her to sign the stock assignment form. We agree with the conclusion of both the Hearing Referee and the Commission that petitioner’s testimony, especially in connection with this matter, was not worthy of belief.
During the first two years in office, petitioner heard 21 matters brought by an attorney who was his close friend, business associate and personal attorney. The nature of the relationship was such that to avoid the appearance of impropriety and the potential for a conflict of interest, petitioner should have disqualified himself from those cases (see, Matter of Conti, 70 NY2d 416, 419).
In evaluating the sanction imposed, we find significant not only the serious nature of petitioner’s improper acts, including the deception practiced on several of his clients, but also petitioner’s lack of candor during the investigation and hearing. Such conduct cannot be condoned in a Judge and petitioner should be removed from office.
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexan *583 der, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Honorable William H. Intemann, Jr., removed from the office of Judge of the County Court, Family Court and Surrogate’s Court, Hamilton County.