■ In the Matter of William H. Intemann, an Attorney, Respondent. Committee on Professional Standards of Third Judicial Department, Petitioner.—Per Curiam. Petitioner, the Committee on Professional Standards, has accused respondent of professional misconduct in his representation of three estates, in failing to disqualify himself in various matters, and by his alleged lack of candor in testimony before the New York State Commission on Judicial Conduct. At the time of the alleged misconduct, respondent was the elected Family Court, Surrogate's Court, and County Court Judge of Hamilton County; he took office in January 1984. He was admitted to the practice of law by this court in 1962.

Respondent was removed from judicial office in June 1989 by order of the Court of Appeals which accepted a determined sanction of removal by the Commission on Judicial Conduct (Matter of Intemann, 73 NY2d 580).

Because the factual specifications set forth by petitioner in its petition of charges and specifications mirror the findings of fact upon which the Commission on Judicial Conduct's determination of removal was partially based and it is established that respondent had a full and fair opportunity to contest the Commission's decision, we previously granted petitioner's motion for an order declaring that no factual issues were raised by the instant pleadings (22 NYCRR 806.5; see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71; see also,

*Ryan v New York Tel. Co.,* 62 NY2d 494; *Matter of Levy,* 37 NY2d 279). We also note that an attorney may be charged with professional misconduct for the same act or acts for which he has been disciplined as a Judge *(see, Matter of Capshaw,* 266 App Div 345, *affd* 292 NY 687, *cert denied* 323 US 751, *reh denied* 323 US 816; *see also, Matter of Malone,* 105 AD2d 455, 457, *affd* 65 NY2d 772). Respondent was heard in mitigation before this court on September 13, 1990.

We find respondent guilty of very serious misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6) and DR 2-106 (A). That misconduct included continuing to represent several clients while on the Bench, lack of candor before the Commission on Judicial Conduct (indeed, the Commission concluded that the record before it was "riddled with evidence of a pattern of deception"), failure to disqualify himself as a Judge in certain matters to avoid at least the appearance of bias, utilizing an expired notary public license, improperly signing another attorney's name to a postal return receipt, violating SCPA 2110 and 2112 by paying attorney fees to himself without making application to the court for said fees, and improperly advising a client of his intention to charge interest in the event she failed to pay a demanded fee. In addition, it does not appear that respondent's misconduct is explicable by inexperience or similar mitigating causes such as psychological problems or financial distress.

We observe, however, that respondent's professional misconduct, other than the lack of candor before the Commission, took place during a transitional period when respondent, because of his election to the Bench, was winding down his private practice. We also note the rural character of the area in which respondent practiced and the not infrequent informality attending the practice of law and judicial procedures therein. In addition, respondent's prior disciplinary record reflects only a single letter of caution issued by the Committee in August 1983. Finally, it is apparent respondent has already suffered significant punishment for his misconduct by his removal from the Bench by the Court of Appeals.

Under all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of two years.

Respondent suspended from the practice of law for a period of two years, and until further order of this court, the date of commencement to be fixed in the order to be entered hereon.

Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.