OPINION OF THE COURT
Per Curiam.
Petitioner, a Judge of Surrogate’s Court, Schenectady County, was charged with violating the Rules of Judicial Conduct in that, after becoming a full-time Judge, he contin *324 ued to act as a fiduciary in several estates, continued to perform legal services, maintained an improper business and financial relationship with a law firm, failed to file reports of his extrajudicial activities, and altered entries relating to these improper activities in an attempt to mislead Commission investigators. Following a hearing before a Referee, the Commission on Judicial Conduct sustained the charges and determined that petitioner should be removed from office. On petitioner’s request for review, we conclude that the determination is supported by the evidence, and that the Commission’s recommended determination of removal should be accepted.
Petitioner was nominated for the interim appointment to Surrogate’s Court in May 1987. His nomination was confirmed on June 17, 1987 and he was sworn in as Surrogate two weeks later, on July 1, 1987. For more than 30 years prior to that time, petitioner had been a sole practitioner concentrating in the field of trusts and estates. He had shared offices with Thomas Hayner, Esq., for a number of years, and Hayner had worked on some of petitioner’s matters. Many of petitioner’s clients knew Hayner. Around the time of petitioner’s appointment as Surrogate, Hayner and petitioner’s son, who had been admitted to practice in 1986, formed the partnership of Hayner & Moynihan, which succeeded petitioner as counsel in numerous matters.
After becoming a full-time Judge, petitioner improperly continued to act as fiduciary in several estates, improperly continued performing business or legal services for clients, and maintained an inappropriate business and financial relationship with the firm of Hayner & Moynihan, which had an active practice before his court (see, Code of Judicial Conduct Canon 5 [C] [1]; [D]; Rules of Judicial Conduct, 22 NYCRR 100.5 [c] [1]; [d]). These improper activities continued into 1988, 1989, and even 1990.
Petitioner does not dispute his continued provision of fiduciary and other legal and business services. He claims, however, that his actions were necessary in order to wind up a busy practice with longstanding responsibilities to clients concerning estates matters that could not readily be transferred. The Commission did not find this explanation acceptable, nor do we. Petitioner continued the provision of fiduciary and other legal and business services for more than two years —an inexcusably long period — after assuming the Bench. *325 Moreover, the work he continued to perform involved matters that came before his own court (albeit before different Judges).
Petitioner contends that the tasks he continued to perform, including filling out tax returns, banking activities, expediting stock transfers, and administering an estate under a certificate of voluntary administration, were purely "ministerial” acts that did not conflict with his judicial responsibilities. Some, he claimed, were matters as to which he had sole knowledge. To the extent these acts were indeed ministerial, no justification appears for his failure to turn them over to another attorney.
Petitioner urges that he made no effort to hide his activities. However, he has not adequately explained his failure to file reports of the compensation he received from his extrajudicial activities (see, Code of Judicial Conduct Canon 6 [C]; Rules of Judicial Conduct, 22 NYCRR 100.6 [c]), or his alteration of several checks and check stubs submitted to the Commission staff that obscured or concealed notations identifying client work.
In light of all these circumstances, we conclude that the Commission’s recommended sanction of removal was appropriate. (See, Matter of Intemann, 73 NY2d 580.)
Accordingly, the determined sanction of removal should be accepted, without costs.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Honorable Neil W. Moynihan removed from the office of Judge of the Surrogate’s Court, Schenectady County.