[898 NE2d 14, 869 NYS2d 1]

In the Matter of Dennis LaBombard, Justice of the Ellenburg Town Court, Clinton County, Petitioner. State Commission on Judicial Conduct, Respondent.

Argued September 9, 2008; decided October 23, 2008

## POINTS OF COUNSEL

*Peter A. Dumas,* Malone, for petitioner. It is a mischaracterization to describe the actions of petitioner as a "pattern of injudicious behavior" requiring the severe remedy of removal. (*Matter of Bauer,* 3 NY3d 158; *Matter of Esworthy,* 77 NY2d 280; *Matter of Duckman,* 92 NY2d 141; *Matter of VonderHeide [State Commn. on Jud. Conduct],* 72 NY2d 658; *Matter of Sardino v State Commn. on Jud. Conduct,* 58 NY2d 286.)

*Edward Lindner,* New York City, *Robert H. Tembeckjian, Cathleen S. Cenci* and *Jill S. Polk* for respondent. Petitioner should be removed from judicial office for his repeated and egregious ethical transgressions. (*Matter of VonderHeide [State Commn. on Jud. Conduct],* 72 NY2d 658; *Matter of Wait,* 67 NY2d 15; *Matter of Robert,* 89 NY2d 745; *Matter of Edwards,* 67 NY2d 153; *Matter of Tyler,* 75 NY2d 525; *Matter of Esworthy,* 77 NY2d 280.)

## OPINION OF THE COURT

Per Curiam.

Petitioner Dennis LaBombard, Justice of the Ellenburg Town Court, seeks review of a determination of the Commission on Judicial Conduct finding that he engaged in serious judicial misconduct and recommending that he be removed from office. After plenary review of the record in this case, we agree with the Commission's recommendation.

Petitioner has been a Town Justice since 1996. In September 2006, he was served with a complaint containing seven charges of misconduct, four of which were sustained by the Commission after a hearing before a Referee. Charge I arose from petitioner's decision to preside over a case involving members of his family. His stepgrandson and stepgranddaughter were charged with criminal trespass in the third degree, a class B misdemeanor, as a result of an incident that occurred in the Town of Clinton. The charges were lodged in petitioner's court, rather than Clinton Town Court, because one of the defendants was related to a Town Justice in Clinton. The prosecuting Assistant District Attorney—who was not aware of petitioner's relationship to two of the defendants—offered to dispose of the charges by adjournment in contemplation of dismissal on the condition that each defendant agree to perform 25 hours of community service. Justice LaBombard adjourned the cases in contemplation of dismissal but,

without the knowledge of the prosecutor, did not impose the community service requirement.

Charge II also involved petitioner's stepgrandson, who had been charged with a class E felony in a case pending in another Town Court. Justice LaBombard contacted the Town Justice assigned the case and identified himself, knowing that the other judge was aware that he was a fellow jurist. After inquiring about the date of the next court appearance, petitioner advised the court that his stepgrandson was a "good kid," and made additional remarks about other individuals involved in the case, giving the impression that the codefendants were more culpable than his stepgrandson.

The next charge stemmed from petitioner's decision to preside over an arraignment and bail proceeding involving the son of a former coworker with whom he had worked in the same department for several years. Based on petitioner's own statements to Commission staff, he apparently recognized that his familiarity with this individual could warrant recusal; petitioner stated that if the offense had not been a felony and had been before him for disposition, he would have disqualified himself. Instead, petitioner arraigned the defendant and, based on the recommendation of the District Attorney's office, set bail at $5,000 cash or $10,000 bond. Unable to make bail, defendant was taken into custody. The next day petitioner received an ex parte telephone call from defendant's mother, his former coworker, who indicated that defendant would lose his job if he remained in jail. Following this conversation, petitioner authorized defendant's release on his own recognizance.

The final charge concerned petitioner's conduct after he was involved in a minor motor vehicle accident with another motorist. The collision did not result in property damage or personal injury but a verbal altercation ensued when both drivers exited their vehicles. Petitioner repeatedly and gratuitously told the other motorist that he was a judge, suggesting that because of his judicial status, she must have been in the wrong and had caused the accident. When the motorist entered a nearby barber shop to call the police, petitioner followed her into the shop and continued referring to his judicial status.

As the Commission determined, petitioner's conduct violated several of the Rules Governing Judicial Conduct, including sec-

tions 100.2 (C),[1] 100.3 (B) (6)[2] and 100.3 (E) (1).[3] "As a Judge, petitioner was under a duty to conduct himself in such a manner as to inspire public confidence in the integrity, fair-mindedness and impartiality of the judiciary" (*Matter of Esworthy*, 77 NY2d 280, 282 [1991] [citation omitted]). Few principles are more fundamental to the integrity, fair-mindedness and impartiality of the judiciary than the requirement that judges not preside over or otherwise intervene in judicial matters involving relatives.

> "The handling by a judge of a case to which a family member is a party creates an appearance of impropriety as well as a very obvious potential for abuse, and threatens to undermine the public's confidence in the impartiality of the judiciary. Any involvement by a judge in such cases or any similar suggestion of favoritism to family members has been and will continue to be viewed by this court as serious misconduct" (*Matter of Wait*, 67 NY2d 15, 18 [1986]).

The same is true of intervention by a judge in proceedings involving family members pending in another court, particularly when that intervention takes the form of ex parte contact with the judge presiding over the relative's case (*see Matter of Edwards*, 67 NY2d 153, 154-155 [1986]). And we have noted that "[t]he absence of a specific request for favorable treatment or special consideration is irrelevant" (*id.* at 155). In this case, petitioner engaged in serious misconduct when he sat on a criminal matter involving his two stepgrandchildren and intervened in a case against his stepgrandson pending in another court.[4]

---

**1.** "A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge" (22 NYCRR 100.2 [C]).

**2.** "A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding" (22 NYCRR 100.3 [B] [6]).

**3.** "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned" (22 NYCRR 100.3 [E] [1]).

**4.** The finding of misconduct does not depend on whether the children of the spouse of a judge's child are relatives within the sixth degree of consanguinity or affinity under Judiciary Law § 14. Petitioner did not dispute that he had a familial relationship with his stepgrandchildren. As such, his de-

Petitioner also presided at the arraignment and bail proceeding of a former coworker's son, even though this prior association led him to believe recusal would have been warranted had the case been before him on the merits. Under the Rules Governing Judicial Conduct, recusal is appropriate when a judge's "impartiality might reasonably be questioned" (22 NYCRR 100.3 [E] [1]). A judge is ordinarily the "sole arbiter of recusal" when the relationship at issue falls in the "vast discretionary area over which reasonable Judges can differ" (*Matter of Murphy*, 82 NY2d 491, 495 [1993] [citations omitted]). But, here, the Commission appropriately concluded that petitioner's decision to sit on the case amounted to misconduct because petitioner neither disqualified himself nor disclosed his relationship with defendant's mother to all interested parties, even though he had concluded that recusal with respect to cases involving this particular defendant was necessary in some circumstances. The appearance of favoritism that arose from petitioner's decision to hear the matter was compounded by his participation in ex parte communications with defendant's mother—his former coworker—and his subsequent decision to vacate the bail order and release defendant on his own recognizance. We similarly concur with the Commission's determination that petitioner's repeated invocation of his judicial status after the motor vehicle accident was improper as it appears to have been an attempt to use the prestige associated with judicial office to intimidate the other motorist.

Given the seriousness of petitioner's transgressions, removal is the appropriate sanction in this case. With knowledge of the rules governing judicial recusal, petitioner intentionally violated them. Petitioner testified that he understood that he should disqualify himself from cases involving his family members but did not do so because he believed he could be "very, very fair." He chose to sit on the case, even though the matter was in his court as a result of another judge's conflict of interest arising from a familial relationship with one of the defendants—a circumstance that should have prompted petitioner to seriously question the propriety of his own involvement. Notably, he presided even though the conflict of interest was palpable given that his daughter and defendants' father (his son-in-law) were present in the courtroom to provide support for the defendants

cision to sit on the case clearly presented a situation "in which the judge's impartiality might reasonably be questioned" (*see* 22 NYCRR 100.3 [E] [1]), thereby warranting recusal.

who were not represented by counsel. Whatever his motivation for declining to impose the community service condition required by the prosecutor, petitioner's treatment of the case gave the impression that his relatives had received a special benefit—a perception that undermines the integrity of the judiciary and is inconsistent with the fair administration of justice.

Equally troubling was petitioner's assertion that he would have recused himself from the matter involving his former coworker's son if the case had not been a felony; even after the fact, it appears that petitioner failed to appreciate that the decision to sit at the arraignment and bail proceeding presented precisely the same appearance of partiality. And petitioner's intervention on behalf of his stepgrandson in a matter pending in another court, as well as his invocation of his judicial status in the wake of the motor vehicle accident, suggest a willingness to misuse his judicial office for personal advantage—a quality that is antithetical to the judicial role.

Accordingly, the determined sanction of removal should be accepted, without costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion.

Determined sanction accepted, without costs, and Dennis L. LaBombard removed from the office of Justice of the Ellenburg Town Court, Clinton County.