210

[953 NYS2d 114]

In the Matter of JOSEPH S. ALESSANDRO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 17, 2012

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*DerOhannesian & DerOhannesian,* Albany (*Paul DerOhannesian* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated April 16, 2010, containing three charges of professional misconduct. By decision and order on motion of this Court dated November 5, 2010, the facts underlying the allegations of judicial misconduct asserted against the respondent in a separate proceeding (*see Matter of Alessandro [State Commn. on Jud. Conduct],* 13 NY3d 238 [2009]) were

deemed established, based upon the doctrine of collateral estoppel, and the respondent was precluded from relitigating those facts. After a hearing, the Special Referee sustained all three charges of professional misconduct and addressed and summarized the issues claimed by the respondent to support his request for mitigation. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent opposes the Grievance Committee's motion.

Charge one alleges that the respondent, Joseph S. Alessandro, a former Justice of the Supreme Court, was removed from the bench, based upon factual findings by the New York State Commission on Judicial Conduct (hereinafter the Commission), which were sustained by the Court of Appeals, that he engaged in judicial misconduct involving deceit, deception, and dishonesty, which acts constitute "conduct involving dishonesty, fraud, deceit, or misrepresentation" in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In a determination dated February 11, 2009, the Commission found that the respondent, in his capacity as a Judge of the County Court and/or Justice of the Supreme Court,

> "engaged in a course of deliberately deceptive and injudicious behavior. After accepting a $250,000 loan from his campaign manager, he contrived to delay repayment and [to] conceal his liability in a series of deceitful acts. He gave misleading and evasive testimony concerning the matter during the Commission investigation. He intentionally withheld information about the loan on his mandatory financial disclosure statement and multiple loan applications."

In an opinion and order dated October 20, 2009, the Court of Appeals sustained the factual findings of the Commission, and accepted its sanction of removal from the bench. The Court of Appeals determined, inter alia, that the respondent engaged in intentionally deceitful and dishonest conduct, explaining, inter alia, that "[b]ased upon our independent review of the record, we conclude that Joseph Alessandro engaged in misconduct warranting removal from office. We have repeatedly emphasized that 'deception is antithetical to the role of a Judge who is sworn to uphold the law and seek the truth' " (*Matter of Alessandro*

*[State Commn. on Jud. Conduct]*, 13 NY3d at 248, quoting *Matter of Myers*, 67 NY2d 550, 554 [1986]).

The respondent was a party to the proceedings before the Commission and the Court of Appeals, and had a full and fair opportunity to litigate the issues of his misconduct.

Charge two alleges that the respondent was removed from the bench, based upon factual findings by the Commission, which were sustained by the Court of Appeals, that he engaged in judicial misconduct involving deceit, deception, and dishonesty, which acts constitute "conduct that adversely reflects on [his] fitness as a lawyer" in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of charge one.

Charge three alleges that the respondent was removed from the bench, based upon factual findings by the Commission, which were sustained by the Court of Appeals, that he engaged in judicial misconduct involving deceit, deception, and dishonesty with regard to his failure to make full and accurate financial disclosure as required by 22 NYCRR part 40, which acts constitute "conduct that is prejudicial to the administration of justice" in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Pursuant to 22 NYCRR 40.2, the respondent was obligated to file annual financial disclosure. Pursuant to 22 NYCRR 40.1 (1), an individual required to file financial disclosure is required to file accurate, truthful disclosure; one "who knowingly and willfully with intent to deceive makes a false statement or gives information which such individual knows to be false . . . shall be subject to disciplinary action."

The Commission and the Court of Appeals both concluded, inter alia, that the respondent engaged in a prolonged course of deliberately deceptive behavior in that he intentionally withheld information about the loan from his campaign manager on his mandatory financial disclosure statement.

Based upon the facts that were deemed established based upon the doctrine of collateral estoppel, the Special Referee properly sustained charges one through three. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note the respondent's arguments that he "cooperated, assisted and appeared in all proceedings . . . including the

present action, without any hesitation or reservation"; that, since his removal from the bench, he has not practiced law in the Second Judicial Department but, rather, has been providing pro bono services to senior citizens in the Bronx; that, prior to his removal from the bench, his character and reputation as a lawyer and judge were unblemished; that "[his] inexperience as a political candidate in 2003 may have contributed to his decision to accept a problematic loan from his campaign manager"; that he faced several " 'unfortunate events' " in his life during the subject period such that a "black and white" description of those events—and the underlying conduct—fails to paint the "full color picture" necessary to understanding the "context" of the charges; that a monetary claim against him was settled and, therefore, there was "no monetary loss involved"; that he accepts the findings made against him, is sorry for the hurt he caused, and realizes that his actions "reflect adversely on everyone with whom he was associated or dealt"; and that he has already been punished for his conduct through his removal as a judge and the "attendant publicity and public humiliation." Moreover, we have considered the numerous letters submitted on the respondent's behalf. However, the Commission, in its determination, concluded that the respondent engaged in "truly egregious behavior" that "[in] its totality . . . constitutes a departure from the high standards of conduct required." The Court of Appeals concluded, similarly, that the respondent failed to meet the "highest level of . . . honesty and integrity." It is notable that the Commission rejected the same claims of mitigation offered herein. Just as " 'deception is antithetical to the role of a Judge who is sworn to uphold the law and seek the truth' " (*Matter of Alessandro [State Commn. on Jud. Conduct]*, 13 NY3d at 248, quoting *Matter of Myers*, 67 NY2d at 554) so, too, is it incompatible with the position of trust and confidence occupied by an attorney at law. "[L]awyers must be held to the 'highest standards of ethical conduct' because the legal profession needs the respect and confidence of society if it is to play its critical role in sustaining the rule of law and the concept of justice upon which our free and democratic society depends" (*Matter of Bikman*, 304 AD2d 162, 165 [2003], quoting *Matter of Rowe*, 80 NY2d 336, 340 [1992], *cert denied sub nom. Rowe v Joint Bar Assn. Grievance Comm. for Second & Eleventh Jud. Dists.*, 508 US 928 [1993]).

Under the totality of the circumstances, the respondent is disbarred and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph S. Alessandro, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Joseph S. Alessandro, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Joseph S. Alessandro, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph S. Alessandro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).