OPINION OF THE COURT

Per Curiam.

The State Commission on Judicial Conduct has determined that petitioner, a Justice of the Cold Spring Village Court, Putnam County, should be removed from office. Upon review of the record, this court agrees that this sanction is appropriate.
The credible evidence indicates that petitioner received a general power of attorney from his client, Fred H. Dunseith, in January, 1975. Petitioner used this to transfer assets totaling in value $135,000 from Dunseith to himself without informing Dunseith of many of the transactions during the period from 1975 to 1977. In furtherance of his objective to acquire Dunseith’s assets, petitioner falsely reported to a savings bank that Mr. Dunseith had died.
Dunseith actually died in 1977. Petitioner, who was Dunseith’s executor, failed to file gift tax returns on behalf of the estate until 1981, after the Internal Revenue Service had commenced an investigation. As a result of the late filing, the estate was assessed penalties. In 1982, petitioner was convicted in the United States District Court of three counts of felonious income tax evasion by means of *91 filing false and fraudulent income tax returns, and was sentenced to a term of imprisonment and probation. These charges generally arose out of petitioner’s receipt of Dunseith’s assets from 1975 to 1977. Additionally, petitioner concealed his own property and assets in a financial affidavit that he filed in a divorce action brought against him.
In this proceeding to review the commission’s findings of fact, legal rulings, and determination of sanction (see NY Const, art VI, § 22, subds a, d; Judiciary Law, § 44, subd 9), petitioner claims that the transfers of Dunseith’s property were gifts. He also asserts that the failure to file timely gift tax returns was the result of two factors. In some years, petitioner personally prepared and filed income tax returns for the estate, and he claims that he did not know that gift tax returns were also necessary. As to the other years, petitioner lays the blame on the negligence of the accountant whom he had hired to prepare the estate’s tax returns. With respect to the conviction for Federal income tax evasion, petitioner maintains that he is innocent and notes that he is seeking a writ of error coram nobis.
This court finds incredible petitioner’s claim that Dunseith authorized the transfers of cash, stocks, and real estate. There was no corroboration of the claim that any gift was intended. Nor was there any witness to the signing of the general power of attorney. It is noted that Mr. Dunseith’s will contained no reference to petitioner as a beneficiary. Dunseith was a legally blind, partially deaf, 95-year-old man in a nursing home. Petitioner’s own testimony indicated that he questioned Dunseith’s competence to make such decisions.
Given that no gift tax returns were filed until after petitioner was under investigation by the IRS, it is questionable that the failure to file was negligent and not intentional. Even assuming that the failure to file was negligent, petitioner’s explanation is unacceptable. Petitioner should have sought legal advice if he was not familiar with the intricacies of tax law. Insofar as petitioner claims that the delay was caused by his accountant’s negligence, it suffices to note that the ultimate responsibility for timely filing accurate returns rested on petitioner, as the executor of Dunseith’s estate.
*92 Petitioner, as attorney for Dunseith, owed his client a fiduciary duty which was seriously breached by the numerous deliberate deceptions in handling Dunseith’s financial affairs. The admitted allegations, regarding the false report of Dunseith’s death in order to avoid paying interest penalties and the filing of a false financial affidavit in a divorce proceeding in order to conceal assets from his former wife, alone constitute conduct in violation of Canons 1 and 2 (A) of the Code of Judicial Conduct and sections 100.1 and 100.2 (a) of the Rules of the Chief Administrator of the Courts Governing Judicial Conduct (22 NYCRR 100.1,100.2 [a]). The gravity of his misconduct is such that he should be removed from office.
We need not consider his actual conviction, which is pending collateral review, as a factor supporting removal because the other matters are sufficient to warrant that sanction. Petitioner has acted in an unprincipled manner which has brought disrepute to the judiciary. Petitioner’s abandonment of his fiduciary duties to his client and his other unethical and unlawful conduct cannot be tolerated, notwithstanding that all of the wrongdoings related to conduct outside his judicial office (see Matter of Steinberg, 51 NY2d 74, 83-84).
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Warren L. Boulanger is removed from the office of Justice of the Cold Spring Village Court.