OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Judge of the County Court, Nassau County, has
 
 *751
 
 requested review of the determination of the State Commission on Judicial Conduct that from January through October 1994 he engaged in a course of misconduct directed at an attorney and that he further displayed a lack of candor and testified falsely before the Commission during its investigation of this matter, and imposing the sanction of removal
 
 (see,
 
 NY Const, art VI, § 22 [a]; Judiciary Law § 44 [1], [7]). Having conducted a plenary review of the record (Judiciary Law § 44 [9]), we conclude that the Commission’s determination is supported by a preponderance of the evidence, and that the sanction of removal is appropriate.
 

 The evidence before the Referee established that, at least as early as 1991, petitioner was involved in a feud with a member of the criminal defense bar of Nassau County over the attorney’s activities in the Criminal Courts Bar Association of that County, of which both petitioner and the attorney were members. When the attorney became president of this Bar Association in 1993, petitioner publicly criticized the attorney’s conduct and announced that he was boycotting the organization during the attorney’s tenure in that office. In December 1993, the attorney wrote to petitioner’s court administrators complaining of petitioner’s judicial conduct and competence. One of these Administrative Judges shared the contents of this letter with petitioner who, despite the redaction of the attorney’s letterhead and signature, recognized its source. A second letter from the attorney to the Administrative Judges regarding petitioner followed, and, in early 1994, a speech given by the attorney at an induction ceremony for newly elected Nassau County Court Judges contained thinly veiled criticisms of petitioner.
 

 The Referee found, and the evidence clearly demonstrates, that in the ensuing four months petitioner responded by sending eight anonymous communications to the attorney which were harassing, threatening and otherwise offensive. Then, in June 1994, at an annual social event of the Bar Association, petitioner distributed a four-page statement printed on his judicial stationery entitled "13 Suggestions for 'Confrontational’ or Intentionally Offensive Criminal Defense Attorneys.” This statement contained numerous disparaging and offensive comments regarding the conduct of criminal defense lawyers, including many indirect references to the attorney with whom petitioner was engaged in conflict. In addition, the statement contained repeated warnings to lawyers against making unfounded complaints against a Judge, indicating that doing
 
 *752
 
 so could result in serious personal consequences, including retaliation by the targeted Judge and the Judge’s colleagues. Petitioner’s statement also ridiculed a specific defense strategy being considered in a highly publicized case then pending before another Judge of petitioner’s court. Subsequent to this Bar Association event, petitioner sent the attorney at least two more anonymous threatening and abusive communications.
 

 Following the Commission’s investigation into these allegations of misconduct, during which petitioner testified before members of the Commission at their request
 
 (see,
 
 Judiciary Law § 44 [3]), petitioner was served with a formal written complaint containing eight specific charges of misconduct. Charge I was based on the anonymous communications petitioner sent to the attorney, Charge II related to the statement petitioner circulated at the June Bar Association event, and Charges III through VIII alleged that petitioner had given false testimony, or had made other false statements, in connection with these events and the Commission’s investigation of them.
 

 Following a 10-day hearing, which produced over 1,600 pages of testimony from 42 witnesses, the Referee found that six of these charges were supported by a preponderance of the evidence as required by the Commission’s rules
 
 (see,
 
 22 NYCRR 7000.6 [i] [1]) and that petitioner’s misconduct had been established. The Commission confirmed the Referee’s report in all essential respects and determined that petitioner should be removed.
 
 [1]
 
 Petitioner now seeks review of both the sufficiency of the evidence before the Commission and its determination that the sanction of removal be imposed.
 

 In contending that the Commission failed to sustain its burden of proof, petitioner relies on the fact that the findings in this case rest largely on circumstantial evidence and credibility determinations. Petitioner errs, however, to the extent that he claims that the
 
 nature
 
 of the proof alone is sufficient to undermine the Commission’s findings. There is no question that misconduct need only be established by a preponderance of the evidence
 
 (Matter of Seiffert,
 
 65 NY2d 278, 280 [Commission’s rule requiring proof only by preponderance of the evidence satisfies constitutional requirements]). Nor can there be any doubt that the Commission may meet its burden of proof with either circumstantial or direct evidence
 
 (see, e.g., Matter
 
 
 *753
 

 of Reedy,
 
 64 NY2d 299, 302 [misconduct consisting of ticket-fixing established by circumstantial evidence];
 
 Matter of Spector v State Commn. on Judicial Conduct,
 
 47 NY2d 462, 469 [appearance of impropriety established by circumstantial evidence]), or that findings may rest on credibility determinations
 
 (see, Matter of Schiff,
 
 83 NY2d 689, 693;
 
 Matter of Gelfand,
 
 70 NY2d 211, 215-216,
 
 rearg denied
 
 70 NY2d 747,
 
 cert denied sub nom. Gelfand v New York State Commn. on Judicial Conduct,
 
 484 US 977;
 
 cf., Matter of Shilling,
 
 51 NY2d 397, 402 [effect of favorable character evidence on Commission’s findings depends on the strength of the evidence establishing misconduct],
 
 adhered to on rearg
 
 52 NY2d 758,
 
 appeal dismissed sub nom. Shilling v State Commn. on Judicial Conduct,
 
 451 US 978). Thus, the only evidentiary issue we examine is whether the proof establishes by a preponderance of the evidence that petitioner engaged in the acts of misconduct in the six charges sustained by the Referee and Commission. We conclude that it does.
 

 First, as to Charge II, premised on petitioner’s "13 Suggestions” contained in the statement admittedly his at the June 1994 Bar event, the evidence of misconduct was direct — the contents of the document itself and the very act of disseminating it under circumstances in which it would be perceived as representing petitioner’s official viewpoint.
 
 [2]
 
 In this instance, the document is unambiguously threatening and intimidating regarding attorney complaints against Judges, in promising that retaliation would follow unless "your first figurative blow is so credible, powerful, and based upon indelible truth as to put the [Judge] 'down for the count.’ If not, and your target can arise after your most potent broadside,
 
 you’ve had it!”
 
 (Emphasis in original.) We agree with the Commission that petitioner’s public dissemination of these offensive and threatening remarks constitutes judicial misconduct as a matter of law
 
 (see, e.g.,
 
 Rules Governing Judicial Conduct [22 NYCRR] § 100.2 [a] ["A judge * * * shall conduct himself or herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary”]; Code of Judicial Conduct Canon 2 [A]).
 

 Moreover, the quantity and quality of proof linking petitioner to the anonymous communications underlying Charge I, al
 
 *754
 
 though circumstantial, leads directly to the inference that petitioner was the source of these communications. Notably, there are striking similarities between the anonymous communications and the documents that petitioner admittedly prepared. There is a strong resemblance not only in tone and style, but also in subject matter (dwelling on retaliation for outspoken comments against the judiciary including public revelation of the complainant’s personal indiscretions), and in addition, there is overlap in the specific language, symbols and references used.
 

 Likewise, the record establishes that petitioner repeatedly displayed a lack of candor and made both misleading and patently false statements in connection with the Commission’s investigation of his misconduct. To give only one example, two of the misconduct charges are based on statements petitioner made in connection with an e-mail message allegedly sent by him to the White House in which he criticized the President’s policy toward Haiti. Upon receipt of an acknowledgement letter from the White House, petitioner contacted a member of the Nassau County Police Department claiming that, as he had never communicated with the President on any subject, someone must be communicating with the President in his name and insinuating that the attorney with whom he was feuding might have been the individual who had done so. Petitioner then repeated this general allegation, without naming the attorney, in a letter to the Commission’s staff counsel, and, when testifying before the Commission, repeatedly denied that he had sent the e-mail in question. However, the evidence before the Referee cogently establishes that petitioner’s allegations and steadfast denials were false: there was evidence that the message was received at a time when petitioner’s personal on-line account was in use, that the account was only accessible by a secret password, that petitioner had shared this password with only one person (his secretary) who had never used it or revealed it to others, and that under such circumstances there was little likelihood that anyone other than petitioner had sent the message.
 

 Moreover, as to another false testimony charge, regarding his enclosing in one of the anonymous mailings several pills for which he had prescriptions, petitioner’s prevarications were demonstrated by documentary proof.
 

 Finally, having concluded that the Commission’s findings are supported by the evidence in the record, we agree that the offensive, harassing and vindictive nature of petitioner’s
 
 *755
 
 conduct, and his repeated dishonesty before the Commission, requires the sanction of removal
 
 (see, Matter of Gelfand,
 
 70 NY2d 211,
 
 supra
 
 [misconduct consisting of harassment of former law clerk with whom petitioner had an extramarital affair and the giving of false testimony before Commission warrants removal from office]).
 

 Accordingly, the determined sanction should be accepted, without costs, and petitioner should be removed from his office of Judge of the County Court, Nassau County.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in Per Curiam opinion.
 

 Determined sanction accepted, etc.
 

 [1]
 

 . Specifically, the Commission found that petitioner had violated rules 100.1, 100.2 (a) and 100.3 (a) (6) of the Rules Governing Judicial Conduct (22 NYCRR) and Canons 1, 2 (A) and 3 (A) (6) of the Code of Judicial Conduct.
 

 [2]
 

 . Notwithstanding a disclaimer that the views expressed were "personal,” the statement identified the petitioner as a Judge of the County Court, was printed on his judicial stationery and distributed at a local Bar Association function, and was written from the perspective of a Judge.