[717 NYS2d 904]

In the Matter of EDMUND FITZGERALD (Admitted as EDMUND G. FITZGERALD, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 4, 2000

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cippollone* of counsel), for petitioner.

*Sylvia L. Fabriani*, Mount Kisco, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing six charges of professional misconduct. In his answer, the respondent denied all six charges. Before the hearing, the respondent stipulated to the factual allegations contained in Charges One through Five. At the hearing, the Grievance Committee's case consisted of the stipulation and eight exhibits. The respondent called two character witnesses and testified on his own behalf. In addition, he introduced two exhibits into evidence. At the conclusion of the hearing, the Special Referee sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent does not oppose the Grievance Committee's motion, but argues that he did not engage in conduct adversely reflecting on his fitness to practice law, and that he therefore should not be deprived of his license to practice law.

Charge One alleged that the respondent made cash withdrawals from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46).

On September 28, 1990, the respondent disbursed check number 1711 in the amount of $5,000 payable to cash from his attorney escrow account entitled "Angelo & Fitzgerald, Attorney Trust Account," at Hudson Valley National Bank.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to maintain a duly constituted escrow account, in violation of DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3).

In August 1990, the respondent requested a loan from his client Joseph DiNapoli. The respondent disbursed check number 1703 in the amount of $4,060 to Iona College from his attorney trust account. Check number 1703 represented the payment of tuition on behalf of the respondent's son Patrick. The respondent issued the check for a nonclient matter.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to adequately protect his client's interest, in violation of DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3). The respondent did not memorialize the terms of the loan in writing.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to

render an appropriate account of funds entrusted to him as a fiduciary, in violation of DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3). As of August 1, 1997, the balance remaining in the respondent's attorney trust account was $11,088.26. The respondent was unable to provide the Grievance Committee with an accounting indicating for whom those funds were being held.

Charge Six alleged that respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to render an appropriate account of funds entrusted to him as a fiduciary, in violation of DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3), in that he was unable to account for a substantial portion of the activity reflected in his attorney trust account for the period from December 1989 through February 1992.

Based on the evidence adduced at the hearing, including the respondent's admissions and stipulation, all of the charges except Charge Two were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, that all of the charges involved technical violations of the disciplinary rules, that he admitted his wrongdoing and expressed remorse therefor, that there are no allegations of conversion, and that no clients were harmed as a result of his misconduct. The respondent also asks the Court to consider that he cooperated with the Grievance Committee's investigation despite being under an enormous emotional strain. During the course of the Committee's investigation, one of the respondent's sons, a police officer, was the victim of a robbery which resulted in his being shot and killed. Two months later, another son, who was also a police officer, committed suicide.

The respondent has no prior disciplinary history.

The respondent is guilty of serious professional misconduct that warrants his disbarment.

MANGANO, P. J., BRACKEN, RITTER, SANTUCCI and THOMPSON, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that Charges One, Three, Four, Five, and Six are sustained and denied to the extent that Charge Two is not sustained; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edmund Fitzgerald, is disbarred,

and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edmund Fitzgerald is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.