[725 NYS2d 678]

In the Matter of TIMOTHY TAMSEN (Admitted as TIMOTHY CHRISTOPHER TAMSEN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 11, 2001

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition and a supplemental petition containing a total of 11 charges of professional misconduct. In his answer, the respondent admitted in part, and denied in part, the allegations. After a hearing, the Special Referee sustained all of the charges. The petitioner now moves to confirm, and the respondent cross-moves to disaffirm, the Special Referee's report.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by misappropriating funds. The respondent was associated with Peter H. Neuman, Esq. Although the name of the firm was Neuman & Tamsen, the respondent was not a partner. On June 30, 1995, the respondent represented Mr. and Mrs. Paul Coogan in connection with the sale of property located in Highland Mills to Mr. and Mrs. Charles Muller for $30,000. The legal fee due the firm of Neuman & Tamsen was $500. The respondent received a check from the purchasers for that amount, which he endorsed and deposited into an account maintained at M&T Bank entitled "Timothy C. Tamsen, Attorney." When the check was issued, the fee was owed to the firm of Neuman & Tamsen, but the respondent deposited it into his M&T account without the knowledge and/or consent of Neuman.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by misappropriating funds. The respondent represented Albert Foldan in connection with a vehicle and traffic infraction. The matter was referred to Neuman & Tamsen by Ackerman, Wachs & Finton, P. C., an Albany law firm. The fee owed to Neuman & Tamsen was $250 and was paid by Ackerman, Wachs & Finton, P. C., by check dated February 2, 1996, which was payable to the respondent. The respondent endorsed the check and deposited it into a personal account maintained at M&T Bank entitled "Timothy Tamsen." When the check was issued, the fee was owed to the firm of Neuman & Tamsen, but the respondent deposited it into his M&T account without the knowledge and/or consent of Neuman.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by misappropriating funds. On December 14, 1995, the respondent received $450 on behalf of Neuman & Tamsen from Luis Vasquez as a retainer in connection with an uncontested matrimonial action. The respondent admitted under oath that the funds were deposited into a . personal account without the knowledge and/or consent of Neuman.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by misappropriating funds. In November 1995, the respondent was retained by James Denton to defend him against a charge of driving while intoxicated. The respondent received a $350 check from Denton dated November 1, 1995, which was payable to him. When the check was issued, the fee was owed to the firm of Neuman & Tamsen, but the respondent deposited it into a personal account without the knowledge and/or consent of Neuman.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by misappropriating funds. In May 1995, the respondent was retained by Robert Browne to represent his son, Thomas, in a criminal matter. The Neuman & Tamsen receipt book reflects that Robert Gunsch paid the firm $500 by check on May 10, 1995, in connection with an unrelated matter and that he was given receipt number 001782 by the office manager. The firm copy of receipt number 001783 indicated that Gunsch paid an additional $500 to the firm on the same date. The firm copy of receipt number 001783 also indicated that the name Gunsch was written over another name. The receipt was written in the respondent's handwriting and signed by the respondent. Moreover, the box indicating that the $500 was received in cash was changed to indicate that that amount was paid by check. The original receipt was given to Browne, not Gunsch, and reflected that the $500 was paid to the respondent by Browne in cash, not by check. When the respondent received the money, the fee was owed to the firm of Neuman & Tamsen, but the respondent knowingly altered the receipt book to disguise his theft.

Charge Six alleged that based on the factual allegations contained in Charge Five, the respondent engaged in conduct

involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Ten alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by misappropriating funds. On July 25, 1995, the respondent received $450 on behalf of Neuman & Tamsen from Carlos Mera as a retainer in connection with an uncontested matrimonial action. The respondent failed to deposit the funds into a firm account. Instead, he took the money for his personal use without the knowledge and/or consent of Neuman.

Based on the evidence adduced at the hearing, including the respondent's admissions, Charges One through Six and Ten are sustained, and Charges Seven, Eight, Nine, and Eleven are not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he was intimidated by Neuman, that their relationship was similar to domestic abuse, that he was not strong enough to remove himself therefrom, that Neuman never told him he was not a partner, and that their relationship appeared to be a partnership to anyone looking at it from the outside.

The respondent has a long disciplinary history. Since 1997, he has received a dismissal with cautionary language, one letter of caution, and four letters of admonition.

Under the totality of the circumstances, the respondent is disbarred.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges One through Six and Ten are sustained and is denied to the extent that Charges Seven, Eight, Nine, and Eleven are not sustained; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is granted to the extent that Charges Seven, Eight, Nine, and Eleven are not sustained and is denied to the extent that Charges One through Six and Ten are sustained; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Timothy Tamsen, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Timothy Tamsen is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.