[750 NYS2d 263]

In the Matter of SALVADOR COLLAZO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 31, 2002

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Joel B. Mayer* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Salvador Collazo was admitted to the practice of law in the State of New York by the First Judicial Department on June 16, 1980 and, at all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and conclusions of law set forth in the determination of the Hearing Panel and imposing whatever sanction this Court deems just. Respondent cross-moves for an order affirming the report and recommendation of the Referee and disaffirming the report and recommendation of the Hearing Panel.

This Court, by order entered July 27, 2001, granted a petition by the Committee, pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2), and the doctrine of collateral estoppel, and found respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3), and referred the matter to a Referee for a hearing as to sanctions only.

Collateral estoppel was based upon a determination by the State Commission on Judicial Conduct (the Commission) that respondent, a Judge of the Civil Court, made inappropriate comments in the workplace to and about a female law intern and subsequently compounded his misconduct by engaging in deceptive or duplicitous behavior regarding those incidents. The Commission concluded that the appropriate sanction was removal from judicial office, which determination respondent appealed. The Court of Appeals, in a decision and order dated February 17, 1998, held that the Commission's determination was supported by a preponderance of the evidence and ordered respondent's removal from the bench (*Matter of Collazo*, 91 NY2d 251).

The Committee, almost three years hence, brought the aforementioned collateral estoppel petition and, pursuant to this Court's order, a Referee conducted a hearing on October 17, 2001 in order to recommend an appropriate sanction. The Referee, by a report dated February 15, 2002, recommended respondent be suspended for three months and a Hearing Panel, which subsequently heard oral argument on March 29, 2002, recommended respondent be suspended for a period of two years.

After reviewing all of the evidence adduced, we conclude that the findings of fact and conclusions of law set forth in the determination of the Hearing Panel with regard to respondent's misconduct should be confirmed. In determining the appropriate sanction to impose, we have taken into consideration mitigating circumstances advanced by respondent, including: that his prior reputation was unblemished; that he has assisted, for no financial gain, many members of his community, both before his elevation to the bench and after his removal; and that in the approximately seven years since his misconduct, he has done nothing improper. It is also apparent to us that respondent has already suffered significant punishment for his misconduct by his removal from the bench by the Court of Appeals (*see Matter of Intemann*, 165 AD2d 974). Under these circumstances, we find that the sanction of public censure is appropriate.

Accordingly, the Committee's motion should be granted to the extent that the Hearing Panel's findings of fact and conclusions of law are affirmed as to respondent's misconduct, but disaffirmed as to sanction, and respondent should be publicly censured. Respondent's cross motion should be denied.

NARDELLI, J.P., MAZZARELLI, ROSENBERGER, ELLERIN and GONZALEZ, JJ., concur.

Respondent publicly censured, as indicated.