OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Justice of the Newburgh Town Court, Orange County, seeks review of a determination of the State Commission on Judicial Conduct sustaining one charge of misconduct and removing him from office
 
 (see
 
 NY Const, art VI, § 22; Judiciary Law § 44). The formal written complaint alleged that petitioner misappropriated a total of $2,500 in legal fees from his law firm employer on six separate occasions in 1995 and 1996, that he altered a receipt book to disguise one theft and that he was disbarred as a result of this conduct (284 AD2d 8 [2d Dept 2001]).
 

 The Administrator of the Commission moved for summary determination (22 NYCRR 7000.6 [c]) and, despite petitioner’s
 
 *21
 
 opposition, the Commission granted the motion and sustained the factual allegations of misconduct. The Commission concluded that petitioner violated sections 100.1, 100.2 (A) and 100.3 (B) (1) of the Rules Governing Judicial Conduct (22 NYCRR) and that he “has demonstrated that he lacks the integrity to sit on the bench and is unfit for judicial office.” The Commission also noted that petitioner’s removal was warranted even though his wrongdoing was unrelated to his judicial office and predated his ascension to the bench.
 

 We initially reject petitioner’s assertion that the summary determination improperly precluded the Commission from considering his fitness to perform his judicial duties. “ ‘[T]he statutory requirement authorizing the [C]ommission to make a determination after a hearing does not require the [C]ommission to go through a meaningless formal hearing where no issue of fact is raised’ ”
 
 (Matter of Embser,
 
 90 NY2d 711, 715 [1997], quoting
 
 Matter of Petrie v State Commn. on Jud. Conduct,
 
 54 NY2d 807, 808 [1981]). Although petitioner was not entitled to relitigate the facts underlying his disbarment, he was given ample opportunity to be heard on pertinent issues of law — whether his conduct constituted violations of the Rules Governing Judicial Conduct and, if so, the appropriate sanction. Indeed, petitioner availed himself of this opportunity and made written and oral submissions to the Commission.
 

 Turning to the challenged sanction, we conclude that the evidence before the Commission, primarily from the disbarment proceeding, supports petitioner’s removal from judicial office.
 
 *
 
 We measure the necessity for removal “with due regard to the fact that Judges must be held to a higher standard of conduct than the public at large”
 
 (Matter of Going,
 
 97 NY2d 121, 127 [2001] [citation omitted]). We have recognized that even “relatively slight improprieties subject the judiciary as a whole to public criticism and rebuke”
 
 (Matter of Aldrich v State Commn. on Jud. Conduct,
 
 58 NY2d 279, 283 [1983]). Thus, in determining the appropriate sanction, it is imperative to also consider “the effect of the Judge’s conduct on and off the Bench upon public confidence in his [or her] character and judicial temperament”
 
 (id.).
 

 
 *22
 
 Here, petitioner’s misappropriation of funds and related subterfuge resulted in his disbarment as an attorney while he was sitting as Judge. This conduct clearly warrants removal under the applicable standards “notwithstanding that all of the wrongdoings related to conduct outside his judicial office”
 
 (Matter of Boulanger,
 
 61 NY2d 89, 92 [1984];
 
 see also Matter of Embser,
 
 90 NY2d 711 [1997];
 
 Matter of Steinberg,
 
 51 NY2d 74, 83-84 [1980]). Moreover, it is of no import that petitioner’s term of judicial office has reached its natural temporal conclusion; the “expiration of the Judge’s term neither moots the proceeding nor puts review by this [C]ourt and the making of a removal order beyond its jurisdiction”
 
 (see Matter of Scacchetti v State Commn. on Jud. Conduct,
 
 56 NY2d 980, 982 [1982]).
 

 Accordingly, the determined sanction should be accepted, without costs, and Timothy C. Tamsen removed from his office of Justice of the Newburgh Town Court.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur in per curiam opinion.
 

 Determined sanction accepted, without costs, and Timothy C. Tamsen removed from the office of Justice of the Newburgh Town Court, Orange County.
 

 *
 

 No evidence in the record addresses prior disciplinary matters involving petitioner, even though a “long disciplinary history” was noted by the Appellate Division in the disbarment proceeding (284 AD2d at 11) and was reiterated in the Commission’s findings of fact. We therefore do not consider that reference in our determination.