OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Judge of the City Court of Yonkers, Westchester County, seeks review of a determination of the State Commission on Judicial Conduct sustaining one charge of misconduct and concluding that he should be removed from office
 
 (see
 
 NY Const, art VI, § 22; Judiciary Law § 44). The formal written complaint alleged that petitioner on several occasions was derelict in the management of his attorney escrow account and was subsequently disbarred based on this “serious professional misconduct” (279 AD2d 160, 162 [2d Dept 2000],
 
 Iv denied
 
 96 NY2d 880 [2001]).
 

 The Administrator of the Commission moved for summary determination (22 NYCRR 7000.6 [c]) and the Commission granted the motion, sustaining the factual allegations of misconduct. After briefing and oral argument concerning
 
 *54
 
 petitioner’s fitness for judicial office and the appropriate sanction to be levied,
 
 [1]
 
 the Commission concluded that petitioner violated sections 100.1, 100.2 (A) and 100.3 (B) (1) of the Rules Governing Judicial Conduct (22 NYCRR) and that he “lacks the qualifications to perform the official duties of a judge pursuant to Article 6, Sections 20 and 22 of the Constitution of the State of New York.”
 

 Our State Constitution provides that no person “may assume the office of judge of the * * * city court * * * unless he or she has been admitted to practice law in this state at least five years or such greater number of years as the legislature may determine” (NY Const, art VI, § 20 [a]). Petitioner asserts that he met this requirement when “assuming” the bench, and that the Constitution does not require that he remain an attorney throughout his term. We disagree.
 

 Interpreting the same constitutional subdivision at issue here in a different context, we held “[t]he constitutional requirement that to assume office a Judge must be a lawyer can * * * be viewed as impliedly requiring, in order to protect the integrity of the Judge’s office, that he not only be a lawyer when he assumes office but that he continue to be qualified as a lawyer, not only intellectually but also in character and fitness”
 
 (Ginsberg v Purcell,
 
 51 NY2d 272, 276 [1980]). Petitioner’s disbarment renders him unable to meet the continuing constitutional prerequisite to his holding judicial office.
 
 [2]
 
 We decline to accept petitioner’s position, which would allow one qualified for judicial office when elected to continue serving absent the very qualification deemed a constitutional prerequisite to taking the bench. An anomalous result of this sort would reflect poorly on the judiciary and “ ‘invite scorn and disrespect for our rule of law’”
 
 (id.,
 
 quoting
 
 Matter of Mitchell,
 
 40 NY2d 153, 156 [1976]).
 

 Accordingly, the determined sanction should be accepted, without costs, and Edmund G. Fitzgerald, Jr. removed from his office of Judge of the City Court of Yonkers, Westchester County.
 

 
 *55
 
 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Grafpeo and Read concur in per curiam opinion.
 

 Determined sanction accepted, without costs, and Edmund G. Fitzgerald, Jr. removed from the office of Judge of the Yonkers City Court, Westchester County.
 

 [1]
 

 . We reject petitioner’s assertion that the summary determination improperly precluded the Commission from considering his fitness to perform his judicial duties
 
 (see Matter of Tamsen,
 
 100 NY2d 19 [2003];
 
 Matter of Embser,
 
 90 NY2d 711, 715 [1997]).
 

 [2]
 

 . Petitioner’s arguments concerning the gravity of his underlying conduct and the propriety of his disbarment are immaterial to the constitutional qualification requirements of his judicial office.