# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 31
In the Matter of the Hon. Paul H. Senzer,
a Justice of the Northport Village Court,
Suffolk County.

Paul H. Senzer,
       Petitioner;
New York State Commission on Judicial
Conduct,
       Respondent.

David H. Besso, for petitioner.
Robert H. Tembeckjian, for respondent.

Per Curiam:

Petitioner, a Justice of the Northport Village Court, Suffolk County, seeks review of a determination by the State Commission on Judicial Conduct that he committed certain acts of misconduct warranting his removal from office (see NY Const, art VI, § 22;

- 1 -

Judiciary Law § 44). Upon our review of the record, we conclude that the sanction of removal is appropriate and accept the Commission's determined sanction.

Petitioner has been a Justice of the Northport Village Court in Suffolk County, a part time position, since 1994. He is an attorney who, during the relevant time period, also maintained a private law practice. The Commission's formal written complaint alleged, among other things, that petitioner repeatedly used degrading and profane language in communications with his legal clients, whom he represented through his private law practice. The charge against him is based, in large part, on conduct that occurred during his representation of two clients in a Family Court matter against their daughter in which the clients were seeking visitation with their grandchild. Over the course of several months, petitioner sent a series of emails to his clients providing legal advice in which he repeatedly insulted other participants in the legal process, including a litigant, opposing counsel, and the presiding court attorney referee, using vulgar and sexist terms. Among other things, petitioner used an extremely crude gender-based slur to describe opposing counsel. Based on the foregoing conduct, the Commission charged petitioner with violating sections 100.1, 100.2(A) and 100.4(A)(1), (2) and (3) of the Rules Governing Judicial Conduct (the Rules). These sections of the Rules require judges to uphold the integrity and independence of the judiciary, avoid the appearance of impropriety and conduct their extra-judicial activities in a manner that is not incompatible with, nor detracts from, the dignity of judicial office. After denying petitioner's motion for summary determination or dismissal of the complaint, the Commission designated a Referee to report findings of fact and conclusions of law. The Referee sustained the charge with respect to

the language petitioner used in his email communications with his clients, following a hearing at which petitioner admitted writing the emails in question.

The Commission thereafter determined that petitioner repeatedly used "profane, vulgar and sexist terms" in emails to his clients that denigrated participants in the legal proceeding, concluding that the appropriate sanction was removal from office. Beyond acknowledging the clear impropriety of petitioner's language, the Commission reasoned that removal was appropriate because petitioner used the offensive terms while acting as an attorney and providing legal advice to his clients, inextricably connecting his misconduct to the judicial system. The Commission also noted that petitioner's use of a gender-based slur was particularly concerning because such words "denigrate a woman's worth and abilities and convey an appearance of gender bias." In this Court, petitioner does not dispute the Commission's factual findings and acknowledges that his written communications violated the Rules. He instead contends that his misconduct, occurring in "private" communications, does not warrant removal from office, and urges us to reject the Commission's sanction.

The purpose of judicial disciplinary proceedings is to impose sanctions where needed to protect the bench from unfit incumbents (see Matter of Esworthy, 77 NY2d 280, 283 [1991]). We recognize that "[r]emoval is an extreme sanction" that is appropriate "only in the event of truly egregious circumstances" (Matter of O'Connor [New York State Commn. on Jud. Conduct], 32 NY3d 121, 127 [2018] [citation omitted]), which we measure "with due regard to the fact that Judges must be held to a higher standard of conduct than the public at large" (Matter of Tamsen, 100 NY2d 19, 21 [2003] [citation

omitted]).  In determining the appropriate sanction, we must also consider the effect of the misconduct "upon public confidence in [the Judge's] character and judicial temperament" (id. at 21-22 [citation omitted]).  Thus, removal is warranted where a judge exhibits "a pattern of injudicious behavior . . . which cannot be viewed as acceptable conduct by one holding judicial office" (O'Connor, 32 NY3d at 127-128 [citation omitted]).  Whether a judge's behavior warrants removal is a fact-specific inquiry, as judicial disciplinary cases are necessarily sui generis (see id. at 128).

Here, petitioner's statements were manifestly vulgar and offensive, and his repeated use of such language in written communications to insult and demean others involved in the legal process showed a pervasive disrespect for the system, conveyed a perception of disdain for the legal system, and indicated that he is unable to maintain the high standard of conduct we demand of judges.  Petitioner repeatedly denigrated a litigant, opposing counsel, and the presiding court attorney referee while acting as an officer of the court representing clients in an ongoing litigation—a professional function integral to our legal system.  Indeed, his derogatory comments impugned not just the particular referee involved in this case but all judges, and with it, the judiciary.  In this context, petitioner's conduct undermined the dignity and integrity of the judicial system.  Moreover, his use of an intensely degrading and "vile" (Matter of Assini, 94 NY2d 26, 29 [1999]) gendered slur to describe a female attorney, as well as petitioner's demeaning reference to her as "eyelashes," are especially disturbing; it is critical to our judicial system that judges "conduct themselves in such a way that the public can perceive and continue to rely upon the impartiality of those who have been chosen to pass judgment on legal matters involving

their lives, liberty and property" (Matter of Duckman, 92 NY2d 141, 153 [1998] [internal quotation marks and citation omitted]).  Petitioner's misconduct cannot be explained as an isolated or spontaneous slip of the tongue, as the statements—repeated multiple times— were included in deliberative, written communications petitioner made to these clients relating to their legal representation.  Such a pattern of conduct, engaged in over several months and combined with a prior caution by the Commission for making sarcastic and disrespectful comments to litigants during a court proceeding, constitutes an unacceptable and egregious pattern of injudicious behavior that warrants removal.

Under these circumstances, the fact that petitioner's comments were contained in emails sent to only two clients, which he believed would not be shared, does not excuse the wrongfulness of his conduct.  There is no question that judges are accountable for their conduct "at all times," including in conversations off the bench (Matter of Backal, 87 NY2d 1, 8 [1995] [citations omitted]).  Because judges carry the esteemed office with them wherever they go, they must always consider how members of the public, including clients or colleagues, will perceive their actions and statements (see Matter of Steinberg, 51 NY2d 74, 81 [1980]).  We have long recognized that misconduct, no matter where it occurs, "subjects the judiciary as a whole to disrespect and impairs the usefulness of the individual Judge" (Matter of Kuehnel v State Commn. on Jud. Conduct, 49 NY2d 465, 469 [1980]).  Under our standards, petitioner's conduct warrants removal notwithstanding the fact that he was not functioning in his judicial capacity at the time that it occurred (see Tamsen, 100 NY2d at 22).  Petitioner's clients with whom he had a professional relationship are indisputably members of the public despite any personal relationship he had with them.

Further, petitioner's derogatory statements directly targeted the legal system and its participants writ large, and, thus, cannot be divorced from his judicial role, notwithstanding that petitioner communicated them when off the bench. In sum, we agree with the Commission that the petitioner's repeated use of such derogatory language in this context, in conjunction with his prior caution, warrants removal. A judge's role is to cultivate respect for the judicial process and its participants—petitioner did just the opposite.

Accordingly, the determined sanction should be accepted, without costs, and Paul H. Senzer removed from his office of Justice of the Northport Village Court, Suffolk County.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Determined sanction accepted, without costs, and Paul H. Senzer removed from the office of Justice of Northport Village Court, Suffolk County. Opinion Per Curiam. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided June 23, 2020